JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH BISLAND
Special Assistant United States Attorney
Domestic Security & Immigration
Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0319
     Facsimile: (213) 894-0141
     E-mail:    Elizabeth.Bisland@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
3/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: MMC DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-00174-SVW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ESTEBAN ARTEAGA OCHOA |
| v. | |
| Esteban ARTEAGA OCHOA | |
| Defendant. | |

1.   This constitutes the plea agreement between ESTEBAN ARTEAGA OCHOA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a)   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by

1

the Court, appear and plead guilty to a one-count information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with being an illegal alien found in the United States following deportation or removal in violation of 8 U.S.C. § 1326(a).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing contained in this agreement and recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines range corresponding to the Total Offense Level the parties have agreed to in paragraph 11 and the Criminal History

Category determined by the Court.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in the one-count information, a violation of 8 U.S.C. § 1326(a), the following must be true: (1) defendant was lawfully deported or removed from the United States; (2) after defendant's deportation or removal, defendant voluntarily entered the United States; (3) after defendant entered the United States, defendant knew that defendant was in the United States and knowingly remained; (4) defendant was found in the United States without having obtained consent to reapply for admission into the United States from the Attorney General or the Secretary of the Department of Homeland Security, or any authorized representative of either official; (5) defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States; and (6) defendant was free from official restraint at the time he or she entered the United States. Defendant was free from official restraint, unless defendant was under constant governmental observation from the moment defendant set foot in this country until the moment of defendant's arrest.

In order for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1), defendant's deportation or removal must have occurred after defendant was convicted of a felony, namely, the felony described in paragraph 9 below.

//
//
//

PENALTIES

5.  The statutory maximum sentence that the Court can impose for a violation of 8 U.S.C. § 1326(a) is: 2 years' imprisonment; a one-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

The statutory maximum sentence that the Court can impose for a violation of 8 U.S.C. § 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1) apply, is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.]

6.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant agrees that the imposition of supervised release is warranted in this case, as authorized under USSG § 5D1.1, cmt. n.5.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  Defendant understands that the conviction in this case may result in defendant giving up valuable government benefits and civic rights and may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to

withdraw defendant's guilty plea.

8.  Defendant and his counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

9.  Defendant admits that defendant is, in fact, guilty of violating 8 U.S.C. § 1326(a) as described in the information and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1), as set forth above. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of Mexico was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. Defendant was lawfully deported or removed from the United States on or about April 30, 2013. Subsequent to defendant's April 30, 2013 deportation or removal, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States. After defendant re-entered and remained in the United States, on or about October 11, 2024, immigration authorities found defendant in Los Angeles County, within the Central District of California. Defendant was found by immigration authorities after he had physically crossed the border of the United States.

On or about April 9, 2013, defendant was convicted of Sale/Offer to Sell/Transportation of a Controlled Substance, a felony, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, case number VA127469 for which the sentence imposed was 120 days' imprisonment.

<u>SENTENCING FACTORS</u>

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable

Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                    8      USSG §2L1.2(a)

| Base Offense Level and Description | Associated Guideline Enhancement | Associated Guideline Reference |
|---|---|---|
|  |  |  |
| Acceptance of Responsibility | -2 | USSG §3E1.1(_a_) |
| Early Disposition Program Departure | -4 | USSG §5K3.1 |

Total Offense Level:                   2

Defendant and the USAO further agree that, if defendant's Criminal History Category is Criminal History Category VI, the Early Disposition Program Departure shall be only 2 levels (rather than the 4 specified above).

12. Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The government will oppose any downward

adjustments, departures, or variances not set forth in this plea agreement.

13. Defendant understands that there is no agreement as to defendant's criminal history or Criminal History Category.

14. Defendant and the USAO agree that a three-year period of supervised release to follow release from imprisonment.

15. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3. Defendant represents, and the USAO does not contest, that defendant does not have the ability to pay a fine.

16. The parties agree to request that defendant be sentenced as soon as possible following the entry of defendant's guilty plea. The parties stipulate and agree that, with the exception of defendant's criminal history, there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report. The parties agree to request that the United States Probation and Pretrial Services Office prepare a presentence report that is limited to defendant's criminal history only. To the extent defendant has a right to a presentence investigation and preparation of a presentence report relating to anything other than defendant's criminal history, defendant hereby knowingly, voluntarily, and intelligently waives that right. The parties agree to request that the Court find, pursuant to Federal Rule of Criminal Procedure 32(c)(1), that the information in the record, coupled with a presentence report limited to defendant's criminal history, is

sufficient to enable the Court to exercise its sentencing authority meaningfully without a more complete presentence investigation and report. The parties understand and agree that, in the event that the Court declines to make this finding and instead orders that a more complete presentence investigation be conducted and/or a more complete presentence report prepared, such action shall have no effect on the validity of this agreement or any of its terms or conditions and shall not provide a basis for either party to withdraw from the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

//

  g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant gives up the right to appeal all of the following: (a) the term of imprisonment imposed by the Court, provided it is within the statutory maximum and within the applicable Sentencing Guidelines range corresponding to the Total Offense Level the parties have agreed to in paragraph 11 and the Criminal History Category determined by the Court; (b) any fine imposed by the Court, provided it is within the statutory maximum; (c) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General

Order 20-04 of this Court.

20. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

21. The USAO agrees that, provided the Court imposes the sentence specified within the applicable Sentencing Guidelines range corresponding to the Total Offense Level the parties have agreed to in paragraph 11 and the Criminal History Category determined by the Court, the USAO gives up its right to appeal any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the

USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.

NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

_____    3/17/25
ELIZABETH BISLAND            Date
Special Assistant United States
Attorney

_____    03/17/25
ESTEBAN ARTEAGA OCHOA        Date
Defendant

_____    3/17/25
~~IBOH UMUDO~~ SAMUEL CROSS  Date
Deputy Federal Public Defender
Attorney for Defendant
ESTEBAN ARTEAGA OCHOA

CERTIFICATION OF DEFENDANT

**TO DEFENDANT AND COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS OUT THE OTHER:**

1. This agreement has been read to me in Spanish, the language I understand best. Defendant's initials: _EA_/ Counsel's initials: _SC_ OR:

2. I am fluent in English and have carefully read this agreement. Defendant's initials: ____/ Counsel's initials: ____

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    03/17/25
ESTEBAN ARTEAGA OCHOA              Date
Defendant

1

CERTIFICATION OF INTERPRETER [IF APPLICABLE]

I, Carina Arriola, am fluent in the written and spoken [Sign] English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant ESTEBAN ARTEAGA OCHOA on this date.

_____    3/17/2025
INTERPRETER                        Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ESTEBAN ARTEAGA OCHOA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    3/17/25
~~IBOH UMUDO~~ SAMUEL CROSS       Date
Deputy Federal Public Defender
Attorney for Defendant
Esteban ARTEAGA OCHOA

2