BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH BISLAND
Special Assistant United States Attorney
Domestic Security and Immigration
  Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-0319
     Facsimile:    (213) 894-0141
     E-mail:    Elizabeth.Bisland@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00174-SVW_____ |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ESTEBAN ARTEAGA OCHOA; SUGGESTED STATEMENT OF SENTENCE</u> |
| v. | |
| ESTEBAN ARTEAGA OCHOA, | Sentencing Date:   May 5, 2025 |
| Defendant. | Sentencing Time:   11:00 a.m.<br>Location:   Courtroom of the Hon. Stephen V. Wilson |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Elizabeth Bisland, hereby files its sentencing position relating to defendant ESTEBAN ARTEAGA OCHOA.

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, and any other evidence or argument that the Court may wish to consider at the time of sentencing.  The

government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: April 30, 2025              Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


　　/s/ Elizabeth Bisland
ELIZABETH BISLAND
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This case stems from defendant ESTEBAN ARTEAGA OCHOA's unlawful re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326.  The parties have entered into a plea agreement to resolve this matter under the United States Attorney's Office's Illegal Re-entry Fast Track Program.  Pursuant to the plea agreement, defendant pleaded guilty to a single-count information charging a violation of 8 U.S.C. §§ 1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation.

The parties have agreed that a sentence at the low-end of the guidelines is appropriate in this case, assuming Criminal History Category I, and taking into account the factors listed in 18 U.S.C. § 3553(a) and the benefits and obligations of the Fast Track Program plea agreement.  By agreeing to resolution under the Fast Track Program, defendant has conferred benefits upon the government, including:  (1) a waiver of the right to indictment; (2) a waiver of the right to litigate most challenges pre-trial or at sentencing; (3) a quick and efficient guilty plea and sentencing in this case; and (4) a waiver of the right to appeal the conviction and sentence, with certain exceptions, if the Court imposes the agreed-upon sentence.  In acknowledgement of those benefits, and balancing them against aggravating factors such as defendant's criminal history and history of deportation, the plea agreement contemplates a four-level early disposition program departure and a sentence at the low-end of the resulting sentencing guidelines range.  Additionally, the parties have agreed to a three-year period of supervised release, which would provide an added measure of deterrence and protection

that is warranted based on the particular facts and circumstances of this case.

Based upon all of these factors and the appropriate sentencing considerations under 18 U.S.C. § 3553(a), the government respectfully recommends, as the parties stipulated in the plea agreement, that the Court impose the following sentence: (1) sentencing within the low-end of the guideline range of 0-6 months; (2) a three-year period of supervised release, pursuant to U.S.S.G. §§ 5D1.1 and 5D1.2(b); and (3) a $100.00 special assessment.

**II.   BACKGROUND AND SENTENCING GUIDELINES CALCULATIONS**

At his change of plea hearing, defendant admitted that he was, in fact, guilty of violating 8 U.S.C. § 1326(a), as described in the information, and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1).

As stated in the parties' written plea agreement, defendant, a citizen of Mexico, was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. Defendant was lawfully deported or removed from the United States on or about April 30, 2013. Subsequent to defendant's April 30, 2013 deportation or removal, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States. After defendant re-entered and remained in the

United States, on or about October 11, 2024, immigration authorities found defendant in Los Angeles County, within the Central District of California. Defendant was found by immigration authorities after he had physically crossed the border of the United States.

On or about April 9, 2013, defendant was convicted of Sale/Offer to Sell/Transportation of a Controlled Substance, a felony, in violation of California Health & Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, case number VA127469 for which the sentence imposed was 120 days suspended.

Pursuant to the terms of the plea agreement filed in this case, the parties have stipulated to a total offense level of 2 based on the following calculation: a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a), minus two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and minus four levels pursuant to a downward departure for early disposition under U.S.S.G. § 5K3.1.

The parties have agreed that an appropriate sentence for defendant is one including a sentence of imprisonment at the low-end of the range determined by this total offense level and defendant's criminal history category, without any departure based on inadequacy of criminal history under U.S.S.G. § 4A1.3.

**III. ARGUMENT**

 **A. GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on a total offense level of 2 and a criminal history category of I, the resulting advisory range is 0 to 6 months' imprisonment. The government respectfully recommends, as the parties stipulated in the plea agreement, that the Court impose a

low-end of the guideline sentence, followed by a three-year period of supervised release, subject to certain conditions to which the parties previously agreed, and a special assessment of $100.

The agreed-upon low-end of the guideline sentence is appropriate, reasonable, and not greater than necessary, in light of all the factors the Court must consider under 18 U.S.C. § 3553(a). That sentence reflects the seriousness of defendant's crime of illegally re-entering the United States following deportation. Moreover, defendant's criminal history demonstrates that a meaningful sentence is needed to ensure sufficient deterrence to future violent criminal conduct and illegal re-entry into the United States. These concerns, however, must be balanced against the mitigating factors in this case, particularly the early and efficient resolution of this case under the Fast Track Program. Defendant's early acceptance of responsibility and acknowledgment of guilt not only result in a benefit to the government and the judicial system by promoting finality and reducing the resources that must be devoted to this case, but also diminish somewhat the likelihood of recidivism. For these reasons, the government has agreed to recommend an early disposition departure and a sentence at the low-end of the advisory guidelines range, followed by a three-year term of supervised release.

The parties' agreed-upon sentence of low-end of the guideline sentence would also serve to promote respect for the immigration and criminal laws, deter defendant and others from illegally re-entering the United States, and protect the public from future crimes by this defendant. Such a sentence is consistent with sentences received by other Section 1326 offenders in this District who qualify for early

4

disposition, thus avoiding unwarranted sentencing disparities. Accordingly, the government respectfully recommends that the Court impose a low-end of the guideline sentence.

### B.  IMPOSITION OF SUPERVISED RELEASE

The Sentencing Guidelines advise that sentencing courts ordinarily should not impose a term of supervised release for aliens who are likely to be deported after a period of imprisonment. See U.S.S.G. § 5D1.1(c). The commentary provides that "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1, comment. (n.5). In this case, defendant will likely be deported following his term of imprisonment. However, for the following reasons, the government urges the Court to impose a three-year term of supervised release, as the parties stipulated in the plea agreement.

District courts have wide latitude in imposing conditions of supervised release. United States v. Blinkinsop, 606 F.3d 1110, 1118 (9th Cir. 2010); United States v. Weber, 451 F.3d 552, 557 (9th Cir. 2006). A sentencing court even has broad discretion to impose conditions of supervised release in addition to those mandated by statute. 18 U.S.C. § 3583(d) (district court may impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate."). The Sentencing Guidelines, tracking the language of 18 U.S.C. Section 3553(a) concerning imposition of sentence, recognize this broad discretion:

>     The [district] court may impose other conditions of
>     supervised release to the extent that such conditions are
>     (1) reasonably related to (A) the nature and circumstances
>     of the offense and the history and characteristics of the
>     defendant; (B) the need for the sentence imposed to afford
>     adequate deterrence to criminal conduct; (C) the need to
>     protect the public from further crimes of the defendant;
>     (D) the need to provide the defendant with needed
>     educational or vocational training, medical care, or other
>     correctional treatment in the most effective manner; and
>     (2) involve no greater deprivation of liberty than is
>     reasonably necessary for the purposes set forth above and
>     are consistent with any pertinent policy statements issued
>     by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

In this case, a three-year term of supervised release is specified in the plea agreement, and the parties' bargain should be honored. (Plea Agreement, ¶ 5). The imposition of supervised release would provide an "added measure of deterrence and protection," that is warranted under the facts of this case. See U.S.S.G. § 5D1.1, cmt. n.5. First, in light of defendant's prior deportation, the imposition of a three-year supervised release term would provide a needed additional incentive for defendant to refrain from unlawfully returning to the United States. If defendant were unlawfully to re-enter, the terms of defendant's supervised release could be deemed violated, regardless of whether the government sought another Section 1326 prosecution. Second, the Court should also order a three-year term of supervised release because defendant poses a danger to the community due to his criminal history. See U.S.S.G. § 5D1.1, comment. (n.3(A), (B)) (noting factors to be considered in determining whether to impose a term of supervised release and stating that "[t]he court should give particular

consideration to the defendant's criminal history (which is one aspect of the 'history and characteristics of the defendant'").

Defendant's repeated criminal conduct indicates that prior sentences have been insufficient to deter future unlawful conduct; it further indicates a general disrespect for the law. The imposition of supervised release is thus appropriate in this case to effectively protect the public from any future crimes of defendant. There would be no greater deprivation of liberty than necessary and no undue expenditure of USPPSO resources, because there would be no reporting requirement for defendant unless he actually returned to the United States.

Since the Sentencing Guidelines are advisory only, and in light of the broad discretion afforded the Court in this area, the government recommends that the Court find, consistent with the commentary to Section 5D1.1, that supervised release is appropriate under the facts and circumstances of this case. See United States v. Apodaca, 641 F.3d 1077, 1081 (9th Cir. 2011) (Sentencing Guidelines for supervised release are advisory only); Blinkinsop, 606 F.3d at 1118; Weber, 451 F.3d at 557. Accordingly, in addition to a low-end of the guidelines sentence, this Court should impose a three-year term of supervised release.

\\
\\
\\
\\
\\
\\
\\

## IV. CONCLUSION

The government thus respectfully recommends, as the parties stipulated, that the Court impose a sentence of at the low-end of the guidelines, followed by a three-year period of supervised release, and a mandatory special assessment of $100.

The government provides for the Court's consideration the attached statement of sentence.

Dated: April 30, 2025            Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


  */s/ Elizabeth Bisland*
ELIZABETH BISLAND
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

8

SUGGESTED STATEMENT OF SENTENCE

Based upon the parties' stipulations in the plea agreement, and pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the Court finds that the information in the record is sufficient for the Court meaningfully to exercise its sentencing authority pursuant to 18 U.S.C. § 3553 without the preparation of a full presentencing report.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be paid at $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived, as it is found that defendant does not have the ability to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant Mr. ESTEBAN ARTEAGA OCHOA is hereby committed on the single-count information to the custody of the Bureau of Prisons to be imprisoned for a term of [____] days.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation and Pretrial Services Office and Amended General Order 20-04, including, but not limited to, the condition that defendant shall not commit another federal, state or local crime;
2. The defendant shall refrain from any unlawful use of a controlled substance. As directed by the Probation

|   |    |                                                                 |
|---|----|-----------------------------------------------------------------|
| 1 |    | Officer, the defendant shall submit to one drug test            |
| 2 |    | within 15 days of release from imprisonment.  Thereafter,       |
| 3 |    | defendant shall also submit to periodic drug testing as         |
| 4 |    | directed by the Probation Officer, not to exceed eight          |
| 5 |    | drug tests per month;                                           |
| 6 | 3. | The defendant shall comply with the immigration rules and       |
| 7 |    | regulations of the United States, and when deported or          |
| 8 |    | removed from this country, either voluntarily or                |
| 9 |    | involuntarily, not re-enter the United States illegally.        |
|10 |    | The defendant is not required to report to the Probation        |
|11 |    | Office while residing outside of the United States;             |
|12 |    | however, within 72 hours of release from any custody or         |
|13 |    | any re-entry to the United States during the period of          |
|14 |    | Court-ordered supervision, the defendant shall report for       |
|15 |    | instructions to the United States Probation and Pretrial        |
|16 |    | Services Office located at the United States Courthouse,        |
|17 |    | 312 North Spring Street, Suite 600, Los Angeles,                |
|18 |    | California 90012.                                               |
|19 | 4. | The defendant shall not obtain or possess any driver's          |
|20 |    | license, Social Security number, birth certificate,             |
|21 |    | passport, or any other form of identification in any name,      |
|22 |    | other than the defendant's true legal name, without the         |
|23 |    | prior written approval of the Probation Officer; nor shall      |
|24 |    | the defendant use, for any purpose or in any manner, any        |
|25 |    | name other than his true legal name.                            |
|26 | 5. | The defendant shall cooperate in the collection of a DNA        |
|27 |    | sample from the defendant.                                      |
|28 |    |                                                                 |

10

Having carefully considered Section 5D1.1(c) of the Guidelines and the accompanying commentary, the Court finds that a term of supervised release is appropriate in this case for the reasons set forth by the government. The Court further finds that the duration, terms, and conditions of supervised release ordered herein are reasonably related to the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. The Court also finds that the duration, terms, and conditions of supervised release ordered herein involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above, and are consistent with any pertinent policy statements issued by the Sentencing Commission.

After considering the aggravating and mitigating circumstances discussed by the parties and the Probation Officer, the Court finds the entire sentence as stated to be reasonable and appropriate given consideration of the factors set forth in 18 U.S.C. § 3553, including: under factor (a)(1), the defendant's history of committing a crime in the United States and then returning illegally to the United States following deportation; under factor (a)(2)(A), the need for the sentence to promote respect for the laws and sufficiently and justly punish the defendant for this serious offense; under factor (a)(2)(B), the need for the sentence to impress upon defendant and others the seriousness of his offense of illegally returning to the United States and deter him, specifically, and others, generally, from returning illegally; under factor (a)(2)(C), the need for the sentence and defendant's anticipated subsequent deportation to protect the public from

further crimes of the defendant; and under factor (a)(6), the need to avoid unwarranted sentencing disparities with other similarly situated defendants convicted under the United States Attorney's Office's Illegal Re-entry Fast Track Program.  The Court also considered mitigating factors in this case, particularly defendant's guilty plea pursuant to the Fast Track Early Disposition Program and the resulting benefits to the government and judicial system, including the efficient use of the resources of this Court, the United States Probation and Pretrial Services Office, and the government.

    Also in its consideration, the Court has evaluated the Sentencing Guidelines as required by 18 U.S.C. § 3553(a)(4), and finds the calculations of the suggested sentence therein for this defendant under the present circumstances to be reasonable.

    The Court will therefore sentence defendant as previously stated, which is accordance with the plea agreement entered into by the parties.

    It is so ordered.